Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com
Attorney Docket: 1354-92

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
**HYPE FOR TYPE, LTD.** :
: __ CV _____
Plaintiff, :
:
-against- : **COMPLAINT**
:
**WILSON SPORTING GOODS COMPANY** : (Jury Trial Demanded)
:
Defendant. :
------------------------------------------------------------------ X

Plaintiff HYPE FOR TYPE, LTD. ("HFT" or "Plaintiff"), by and through its attorneys, The Martinez Group PLLC, for its Complaint against Defendant WILSON SPORTING GOODS COMPANY ("Wilson" or "Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, *et seq*.

### PARTIES

2. Plaintiff is a corporation formed under the laws of the United Kingdom with its registered place of business located at Cannon House, 30 Rutland Road, Sheffield S3 8DP, United Kingdom.

{00029339 v.1}

3. Plaintiff designs, creates, and licenses, among other products and services, custom typeface font software for others and specializes in creating font software.

4. Plaintiff offers its typeface font software and third-party font software for licensing to licensee third parties directly via its own website and the websites of authorized distributors of such goods.

5. Plaintiff conducts business worldwide, in the United Kingdom, United States, State of New York, and County of Kings via Plaintiff's commercial website at www.hypefortype.com.

6. Defendant is a corporation formed under the laws of the State of Delaware with a place of business at One Prudential Plaza, 130 East Randolph Street, Suite 600, Chicago, Illinois 60601.

7. Upon information and belief, Defendant is a distributor and manufacturer of sporting goods including softball baseball bats.

8. Upon information and belief, Defendant was, at all times, the sole owner and the parent company of DeMarini Sports, Inc. ("DeMarini").

9. Upon information and belief, DeMarini was a corporation formed under the laws of the State of Oregon with its principal place of business and registered agent located at 6435 Northwest Croeni Road, Hillsboro, Oregon 97124.

10. Upon information and belief, DeMarini was dissolved by the Oregon Secretary of State in 2003.

11. Upon information and belief, Defendant currently sells baseball bat goods and does business under the "DeMarini" trade name, among others.

12. Upon information and belief, Defendant conducts business worldwide, in the United States, State of New York, and County of Kings by way of its websites at wilson.com and demarini.com.

## JURISDICTION AND VENUE

13. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

14. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant, in person or through an agent, has:

    a. transacted business within New York State, or contracted anywhere to supply goods or services within New York State; or

    b. committed a tortious act within New York State, causing injury to Plaintiff within New York State, because Defendant (i) regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York State; or (ii) expected or should have reasonably expected its infringing acts to have consequences in New York State, and derives substantial revenue from interstate or international commerce, including commerce within this judicial district.

15. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## FACTS COMMON TO ALL CLAIMS

16. Plaintiff is engaged in the business of creating works in the nature of software programs, typographic art, typographic related computer programs, and graphic design services, as

well as designing, creating, manufacturing, marketing, and licensing the use of customized typeface font software for others.

17. Plaintiff is the exclusive owner of the U.S. Copyright Registration Serial Number TX 7-695-509 (Computer Program for a TAKU FAMILY of Typeface Fonts) (hereinafter "Taku" or "Font Software"), a showing of which is attached hereto as Exhibit A.

18. Showings of the designs embodied in Plaintiff's copyrighted Font Software are attached hereto as Exhibit B.

19. Plaintiff's copyright is valid and subsisting.

20. Licenses to use Plaintiff's Font Software are sold on a per font basis and/or for collections of fonts directly by Plaintiff or by way of authorized third-party vendors of licenses to use such goods.

21. Plaintiff is the sole, exclusive sales and licensing agent for the special licenses authorizing uses of Plaintiff's Font Software in the manners complained of herein.

22. Plaintiff controls the use of its Font Software by means of its Font Software Desktop End User License Agreement ("EULA"), which specifically prohibits the uses complained of herein without the purchase of a special license.

23. A copy of Plaintiff's EULA is attached hereto as Exhibit C.

24. Plaintiff has sold, continues to sell, and derives significant revenue from the sale of licenses to use its Font Software.

25. Plaintiff requires a license upgrade ("Special Font License") for use of its typeface font software in commercial, for-profit usage including, *inter alia*, on goods for sale.

26. Upon information and belief, Defendant had reason to be aware that use of the Font Software on goods for sale required the purchase of a license upgrade because such term is a part of Plaintiff's End User License Agreement.

27. Upon information and belief, Plaintiff's records show that a DeMarini representative purchased only a basic license to use the Font Software.

28. A showing of DeMarini's license purchase is attached hereto as Exhibit D.

29. Upon information and belief, Plaintiff's records further show that Defendant has not purchased the additional and required license upgrade to use the Font Software in the manners complained of herein.

## DEFENDANT'S INFRINGEMENTS

30. Upon information and belief, Defendant and/or entities acting at Defendant's direction, has impermissibly used and/or caused others to impermissibly use Plaintiff's Font Software in the creation of graphics placed onto the 2018 DeMarini D-Lab Nautalai Slowpitch softball bat without the purchase of the required license, showings of which are attached hereto as Exhibit E.

31. Defendant's use of the Font Software in the manners complained of herein represent multiple and ongoing infringements of Plaintiff's valid copyright in and to the Font Software.

32. The natural, probable, and foreseeable result of Defendant's wrongful conduct has been and continues to be to deprive Plaintiff of the benefits and revenue from the sale of appropriate licenses to use the Font Software in the manners complained of herein.

33. Plaintiff has lost and will continue to lose substantial revenue from Defendant's wrongful use, copying, and distribution of its Font Software.

34. Upon information and belief, Defendant has refused to cease and desist from infringing upon Plaintiff's valuable copyright despite several demands for such action.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501, *et seq*.

35. Plaintiff repeats and realleges all prior paragraphs of this Complaint and incorporates them herein by this reference.

36. Upon information and belief, Defendant and/or entities acting at Defendant's direction have impermissibly used and/or caused others to impermissibly use unauthorized copies of the Font Software in the creation of graphics on the 2018 DeMarini D-Lab Nautalai Slowpitch softball bat without the use of the required license.

37. By reason thereof, Defendant has infringed and will continue to infringe Plaintiff's valuable copyright in and to the Font Software.

38. Defendant's unauthorized use of Plaintiff's copyrighted Font Software infringes Plaintiff's exclusive rights under 17 U.S.C. §§ 101 and 501, *et seq*.

39. Each unauthorized use constitutes an individual and distinct act of infringement.

40. Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant together with prejudgment interest as a result of the acts of infringement alleged herein.

41. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to be not less than $150,000 together with

prejudgment interest and reasonable costs and fees or statutory damages under copyright law, whichever is greater.

42. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1. Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert or participation with them from:

    (a) imitating, copying, distributing, or making unauthorized use of Plaintiff's registered copyrights, including the infringing uses of the Font Software complained of herein; and

    (b) manufacturing, creating, producing, advertising, promoting, or displaying any products, displays, or advertisements bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of Plaintiff's copyrighted Font Software created by way of the unauthorized use of Plaintiff's Font Software;

2. Direct that Defendant deliver for destruction at Defendant's expense, *inter alia*, all copies of the infringing works identified herein that bear or were created through the unauthorized use of Plaintiff's Font Software or a derivative version thereof, together with any and all computer files, hard drives, computer programs, solid state drives, disks,

        CD-ROMs and DVDs bearing unauthorized, derivative and/or infringing copies of the Font Software, as well as any and all other recorded media, graphical representations, displays on the Internet, marketing materials and merchandise in Defendant's possession or under its control that were created or that bear the result of the unauthorized use of Plaintiff's Font Software;

3. Direct the imposition of a constructive trust for all monies received by Defendant from all sales, license, payments, or other benefits received by reason of the unauthorized use of Plaintiff's Font Software;

4. Direct that Defendant be required to pay Plaintiff damages in the amount of $150,000 per infringement for all gains, profits, and advantages derived by Defendant through its unauthorized uses of Plaintiff's copyright together with prejudgment interest and reasonable costs and fees;

5. Direct that Defendant be required to pay to Plaintiff such other damages that it has sustained as a consequence of Defendant's unauthorized use of Plaintiff's copyrighted work;

6. Direct that Defendant be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

7. Award Plaintiff the costs of this action together with prejudgment interest, reasonable costs, and attorneys' fees; and

8. Award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Hype For Type, Ltd. hereby demands a trial by jury.


Dated: <u>December 6, 2018</u>                    Respectfully submitted,
                                                  THE MARTINEZ GROUP PLLC


                                        By:   <u>/Frank J. Martinez, Esq./</u>
                                              Frank J. Martinez (FJM-2149)
                                              *Attorney for Plaintiff*
                                              *Hype For Type, Ltd.*

                                              THE MARTINEZ GROUP PLLC
                                              55 Poplar Street, Suite 1-D
                                              Brooklyn, New York 11201
                                              718.797.2341 Telephone
                                              FM@martinezgroup.com